Roseman, J.
At argument it was conceded that liability would attach under the Lead Paint Poisoning Prevention and Control Act, G.L.c. Ill, Secs. 189A, et seq., if, as an essential element of the claim, plaintiff was relieved from proving that defendants knew that a person under six years of age was in residence in premises burdened by dangerous levels of lead paint. The court for reasons stated rules that proof of knowledge that a person resident in the premises is in the protected class is not required by the statute and, therefore, as to liability, judgment for plaintiff is in order.
It is undisputed that plaintiff, a child under six years of age, actually resided at 44 Quint Avenue, Apartment #6, Allston, which is owned, managed and controlled by the defendants, and which contained dangerous levels of lead paint. See G.L.c. 111, §§197 and 199. Courts consistently have interpreted G.L.c. Ill, §§197 and 199 to impose strict liability on landlords for lead paint poisoning. See Ankiewicz v. Kinder, 408 Mass. 792 (1990); Bencosme v. Kokoras, 400 Mass. 40 (1987).
Defendants’ argument that they are not strictly liable under G.L.c. Ill because they did not know that plaintiff was under six years of age and resident in their premises, has no support in the statute or its legislative history. The plain language of the statute does not condition a cause of action on proof that a landlord have actual knowledge of the age of its residents. See G.L.c. 111, §§197 and 199. Legislative history in this regard is silent. See St. 1971, c. 1081, H. 6266 bill: An Act Providing for a Comprehensive Program of Lead Paint Poisoning Prevention and Control; 87 H. 4814 Report of the Special Commission Relative to the Adequacy of Lead Poisoning Prevention and Control Efforts in the Commonwealth, January 12, 1987; St. 1987, c. 773, §9 approved January 15, 1988, 87 H. 5927; 93 H. 5302 Report of the Special Committee of the House Established to Make an Investigation and Study of Lead Paint laws, July 7, 1993. Case law also appears to be silent. Thus, where, as here, the construction advocated by defendants is not expressly articulated in the language of a statute, protective in nature seeking to prevent the spread of lead poisoning, c. Ill, Sections 197, 199 and 87H 4814 at 54, and if adopted inevitably would sap its bite by judicially making available a shield from liability not awarded by the legislature, the court declines to adopt such a construction. Treating the motion as one for summary judgment on the issue of liability, it is ALLOWED.